UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION DAWSON,
        Plaintiff,

No. 1:08-cv-363

-v-

HONORABLE PAUL L. MALONEY
HONORABLE ELLEN S. CARMODY

DAVE BURNETTE, et al.,
        Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 29) issued by the Magistrate Judge. In the report, the Magistrate Judge recommends granting Defendants' motion for summary judgment in part and denying the motion in part. Defendants filed an objection. (Dkt. No. 31.) Plaintiff Dawson did not file any objection.

Plaintiff Dawson is a prisoner under the control of the Michigan Department of Corrections (MDOC). Plaintiff is a practicing Buddhist. The lawsuit arises from the denial of Plaintiff's request to eat a strict vegetarian (vegan) diet, one that omits all animal products including dairy products and eggs. His request was denied in December 2006 and December 2007 because the individuals who interviewed Plaintiff concluded his request was motivated by something other than a sincere desire to practice the Buddhist faith. More specifically, individuals concluded Plaintiff could provide a religious basis for not eating meat, because the animal would have to be killed, but could not provide a religious basis for not eating dairy products and eggs.

Plaintiff's lawsuit alleges violations of his constitutional right to freely exercise his religion under the First Amendment and violations of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff seeks a declaratory judgment, an injunction, and

damages. The complaint was referred to the Honorable Ellen S. Carmody, Magistrate Judge. Defendants filed a motion (Dkt. No. 13) for summary judgment. Magistrate Judge Carmody interprets the complaint to include allegations against the two individuals in both their official and individual capacities. She recommends granting the motion with regard to Plaintiff's claims for declaratory and injunctive relief and Plaintiff's claims under RLUIPA. She recommends granting the motion with regard to Plaintiff's claim for a violation of his First Amendment rights against Defendants in their official capacity. Magistrate Judge Carmody recommends denying Defendants' motion with regard to Plaintiff's First Amendment claims against Defendants in their personal capacity as well as Defendants' claim for qualified immunity. Defendants filed objections.

I. STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d

2

at 984.  *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

    A.  OBJECTION 1 - Plaintiff failed to establish that a vegan diet was required for his exercise of the Buddhist religion.

To establish a violation of the right of free exercise of religion under the First Amendment, a prisoner must show (1) his belief or practice is religious in his own scheme of things and (2) the belief is sincerely held.  *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Kent v. Johnson*, 821 F.2d 1220, 1224-1225 (6th Cir. 1987).  In their summary judgment motion, Defendants argued Plaintiff failed to show a vegan diet is central or indispensable to the practice of Buddhism.  (Defendants' Brief in Support at 4-6.)  The Magistrate Judge concluded "[w]hile a reasonable juror could perhaps conclude that such is the case, the evidence of record more than supports the conclusion that Plaintiff's religious beliefs are sincerely (and intensely) held."  (R&R at 16.)  Defendants object, arguing whether a belief is sincerely held is a distinct issue from whether the belief is central to the practice of a religious faith.  Defendants reassert that Plaintiff has not established that his request for a vegan diet is central to the practice of his religious faith.  *See Sequoyah v. TVA*, 620 F.2d 1159, 1164 (6th Cir. 1980) (holding the plaintiffs failed to establish the centrality or indispensability to their religious observances of the location at issue) (citing *Wisconsin v. Yoder*, 406 U.S. 205, 215-216 (1972), *Frank v. Alaska*, 604 P.2d 1068 (Alaska 1979) and *People v. Woody*, 394 P.2d 813 (Cal. 1964)).

The requirement that a practice or belief be religious, not secular, is captured in the first

element of a claim under the Free Exercise Clause. *Yoder* (objection to mandatory public school attendance for Amish children), *Frank* (the use of moose meat as part of a native funeral ceremony), and *Woody* (use of peyote in native religious ceremony) were all concerned with distinguishing between religious and non-religious motivations of the non-governmental parties. Similarly, in *Sequoyah*, the Sixth Circuit concluded the plaintiffs could not establish their desire to worship at a particular location in the Tennessee Valley was religiously motivated. 620 F.2d at 1164-1165. The court found the evidence presented by the plaintiffs established the location was important to their cultural development and the loss of the location would damage the plaintiffs' tribal and family traditions, but not any particular religious observances. *Id.*

Whether the practice or belief is central or indispensable to a particular religion is an altogether different question from whether the practice or belief is based in or required by religion. Although in dicta and in response to a proposal in the dissent, the majority in *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 456-458 (1988) rejected the "centrality test" on which Defendants here rely. In *Lyng*, the Court held timber harvesting and the construction of a road would not violate the Free Exercise Clause simply because such activities would undermine the sacredness of the area and create distractions that would interfere with the religious experiences of individuals. *Id.* at 448. The dissent noted several courts of appeals had created tests that required Native Americans to show disputed land was central or indispensable to their religious practices. *Id.* at 473-474 (Brennan, J. dissenting) (citing, *inter alia*, *Sequoyah v. TVA*). The dissent proposed requiring plaintiffs to establish some sort of centrality of the land to their religious faith before the Government need to put forth a compelling justification for its proposed action. *Id.* at 474-475. The majority explicitly rejected the proposed test as inconsistent with the Constitution, prior precedent

4

and because such an approach would force the Judiciary to rule some religious adherents misunderstood their own religious beliefs. *Id.* at 457-458.

Defendants' objection is OVERRULED.  Defendants are correct that the portion of the Report and Recommendation quoted in their objection focuses on whether the belief is sincerely held, rather than on whether the belief is religious.  However, the Report and Recommendation *also concluded* "there is a legitimate fact question as to whether Plaintiff's religious beliefs require that he participate in a strict vegetarian diet." (R&R at 17.)  Furthermore, Defendants are incorrect that Plaintiff must establish that his dietary preference is central or indispensable to the practice of his religion.  Plaintiff need only establish his requested diet is based upon or required by his religious beliefs.  The record provides more than sufficient evidence to create a genuine issue of material fact as to whether Plaintiff's desire to eat a vegan diet is based upon or required by his religious beliefs. *See* Plaintiff's Response to Motion for Summary Judgment at 7-15.

B.  OBJECTION 2 - The Magistrate Judge improperly challenged Defendant Burnett's capacity to testify regarding the cost of accommodating an inmate's dietary request.

Defendant Burnett submitted an affidavit in which he averred that supplying vegan meals would be more expensive than supplying vegetarian meals.  The Magistrate Judge found Defendant Burnett did not show how his averments were based on personal knowledge as there was no indication he worked in food services and no explanation of how he would have such firsthand knowledge.  (R&R at 17.)  Without such support, the Magistrate Judge noted the statement at issue constitutes hearsay, which could not be considered on summary judgment.

Defendants object.  Defendants first argue a witness' competency to testify under FED. R. EVID. 601 is distinct from whether the statement is hearsay under FED. R. EVID. 801(c).  Second,

Defendants assert cost, or allocation of prison resources, is a valid consideration to be balanced against a prisoner's First Amendment Rights. Third, Defendants argue vegan diets are provided at only a few facilities, unlike vegetarian diets, precisely because of the extra costs.

Affidavits submitted as part of motions for summary judgment be made on personal knowledge, set out facts that would be admissible in evidence, and must affirmatively show the affiant is competent to testify to the matters stated. Fed. R. Civ. P. 56(e)(1); *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). Hearsay evidence may not be considered on a motion for summary judgment. *Id.*; *Tinsley v. GMC*, 227 F.3d 700, 703 (6th Cir. 2000).

Defendants' objection is OVERRULED. Assuming, for the sake of argument only, Defendant Burnett's affidavit is admissible, the statements in the affidavit do not support Defendants' conclusion which the statements are used to support. A prison regulation may impinge on an inmate's constitutional right so long as the regulation is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In their motion for summary judgment, Defendants argued the strict vegetarian (vegan) menu was more costly than the vegetarian (non-meat) menu and that the vegetarian menu is already available to Plaintiff. (Brief in Support at 6.) The Magistrate Judge concluded Defendants' cost argument is not relevant because the MDOC already provides the vegan menu to those prisoners whose religious beliefs compel such a diet. (R&R at 17.) The record and law supports the Magistrate Judge's conclusion. Defendants argue, in their objection, that special religious diets are only offered at a few MDOC facilities. This argument is not the same argument advanced in their motion for summary judgment. Defendant Burnett avers "Plaintiff Dawson can opt for the non-meat menu available at his facility" (Burnett Affidavit ¶ 9) and "The strict vegetarian menu is reserved for those whose faith of preference

6

requires eating from a strict vegetarian menu. The strict vegetarian menu is very costly compared to the non-meat menu. The non-meat menu is available at all MDOC prisons" (*Id.* ¶ 11). Nowhere does Defendant Burnett assert that the vegan menu is available only at a limited number of MDOC facilities.

      C. OBJECTION 3 - Defendants are entitled to qualified immunity where clearly established law does not dictate a conclusion that what an official did would violate the Constitution.

Defendants object on the basis the Magistrate Judge used the wrong legal standard for determining whether they were entitled to qualified immunity. The Report and Recommendation's discussion of qualified immunity was limited to the following: "The Court further recommends that Defendants are not entitled to qualified immunity as to [the claim against them in their personal capacity for violation of Plaintiff's First Amendment rights], as a reasonable person would have clearly understood that Plaintiff's allegations state a claim for violation of the First Amendment." (R&R at 18.)

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808, 816 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Sixth Circuit recently outlined the three step approach a trial court should undertake when evaluating the defense of qualified immunity on a motion for summary judgment.

> Evaluating the defense of qualified immunity on a motion for summary judgment requires that the court "adopt [] . . . the plaintiff's version of the facts." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1775 (2007). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning summary judgment." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

> "On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*; *see Charvat v. E. Oh. Reg'l Wastewater Auth.*, 246 F.3d 607, 616 (6th Cir. 2001) (explaining that the court must determine "whether the right is so 'clearly established' that a reasonable official would understand that what he is doing violates that right") (citation and internal quotation marks omitted). "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Saucier*, 533 U.S. at 201. A third consideration occasionally examined by this court to "increase the clarity" of the analysis is "whether the plaintiff offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Estate of Carter v. City of Detroit*, 408 F.3d 305 n.2 (6th Cir. 2005) (citation omitted).

*Drogosch v. Metcalf*, 557 F.3d 372, 377-378 (6th Cir. 2009) (alterations in original).

Defendants objection is OVERRULED. Defendants' motion for summary judgment raises questions only about the first of the three steps in a qualified immunity analysis, whether their actions violate a constitutional right. The Magistrate Judge used the correct legal standard for evaluating whether Plaintiff met that first inquiry. Taking the alleged facts as true, the allegations state a claim for a constitutional violation. In their objection, Defendants argue the Sixth Circuit had held it is not a violation of the First Amendment to deny a Buddhist inmate's request for a vegan diet where the inmate fails to demonstrate that the requested diet was necessary to the practice of his faith, citing *Spies v. Voinovich*, 173, 398, 406-407 (6th Cir. 1999). As explained above, Plaintiff's allegations, if established, would show the violation of a constitutional right. In addition, Plaintiff has put forth sufficient facts establishing a genuine issue as to whether a constitutional violation occurred. Defendants summary of *Spies* is unpersuasive. *Spies* is readily distinguished from this situation. Plaintiff insists his dietary request is required by his religion. In *Spies*, the plaintiff *conceded* a vegan diet was not a necessary requirement for Zen Buddhist practice. *Id.* at 406. The court noted the prison provided Spies with the vegetarian meal, which accomplished the dietary

8

requirements for Zen Buddhist practice. *Id.* Thus, the prison's decision to deny Spies' request was not a violation of the Constitution. *Id.* at 407. *See also Abdullah v. Fard*, No. 97-3935, 173 F.3d 854 (6th Cir. Jan. 28, 1999) (unpublished table opinion) (holding a muslim prisoner's free exercise claim failed because, even though the prison did not provide him with "halal" meat, he could comply with his religious requirements by simply eating a vegetarian meal and therefore the disputed policy did not force the prisoner to violate his religion). By this reasoning, *Spies* is entirely consistent with *Yoder*, *Frank*, *Woody*, *Sequoyah*, and *Lyng*. Spies request for a vegan diet was not based on a religious belief, as his religious beliefs required only a vegetarian diet. Rather, his request for a vegan diet, although consistent with his religious beliefs, were motivated by something else.

III. CONCLUSION

The Report and Recommendation is ADOPTED over objections. Plaintiff did not file any objections to the portions of the Report and Recommendation recommending granting Defendants' motion for summary judgment. Accordingly, those recommendations are accepted. Having reviewed Defendants' objections to the Report and Recommendation, for the reasons outlined above, those objections are OVERRULED.

9

ORDER

1. The Report and Recommendation (Dkt. No. 29) is **ADOPTED OVER OBJECTIONS.**

**2.** Consistent with the Report and Recommendation, Defendants' motion (Dkt. No. 13) for summary judgment is **GRANTED IN PART and DENIED IN PART.**

   a. Plaintiff's claims for declaratory judgment and injunctive relief are **DENIED AS MOOT.**

   b. Plaintiff's claims under the RLUIPA are **DISMISSED WITH PREJUDICE.**

   c. Plaintiff's claims under the First Amendment against Defendants in their official capacity are **DISMISSED WITH PREJUDICE.**

   d. Defendants' motion is **DENIED** with regard to Plaintiff's claims under the First Amendment against Defendants in their personal capacity.

   e. Defendants' motion is **DENIED** with regard to their claim for qualified immunity.

**IT IS SO ORDERED.**

Date:  May 1, 2009                                                   /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                Chief United States District Judge