UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION DAWSON,
        Plaintiff,

No. 1:08-cv-363

-v-

HONORABLE PAUL L. MALONEY

DAVE BURNETT, ET AL.,
        Defendants.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION IN LIMINE

Plaintiff Dawson, a prisoner under the control of the Michigan Department of Corrections (MDOC) filed a civil rights action under 42 U.S.C. § 1983 against two MDOC employees. Plaintiff's suit alleges Defendants violated his religious freedoms when Defendants denied him a strict vegetarian diet consistent with Buddhist beliefs. At issue is Plaintiff's motion in limine. (Dkt. No. 59.) Plaintiff seeks an order precluding Defendants from introducing evidence of Plaintiff's prior convictions and his institutional bad acts. Defendants filed a response. (Dkt. No. 61.)

LEGAL FRAMEWORK

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *see also Figgins v. Advance America Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The

purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.*; *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*). Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands*, 547 F.Supp. at 681.

ANALYSIS

Plaintiff seeks to exclude evidence of his prior convictions and institutional bad acts under Fed. R. Evid. 404. Defendant responds that Rule 404 does not apply because Plaintiff has not been charged with a crime and therefore the evidence cannot be used to establish "action in conformity therewith." Defendant argues the evidence is admissible under Rules 608 and 609. The admissibility of the evidence will be considered under each of these three rules of evidence. Evidence admissible under one rule is not rendered inadmissible because the same evidence would be inadmissible under another rule. *See United States v. Abel*, 469 U.S. 45, 56 (1984) ("But there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case.")

**A. Fed. R. Evid. 404**

Under Rule 404(a) of the Federal Rules of Evidence, character evidence is almost never admitted in civil cases, except where character itself is an element of a claim or a defense, which is

2

not the case here. *See Ginter v. Northwestern Mut. Life Ins. Co.*, 576 F.Supp. 627, 628-30 (E.D. Ky. 1984). Evidence of other acts under subsection (b) of Rule 404 generally applies in both civil and criminal cases. *Huddleston v. United States*, 485 U.S. 681, 685 (1988); *see e.g., Sherman v. Chrysler Corp.*, 47 F.App'x 716, 723 (6th Cir. 2002). Subsection (b) of the rule prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). The evidence may be admissible for other purposes, however, such as proof of opportunity, intent, preparation, knowledge, or absence of mistake. *Id.*; *see Hammann v. Hartford Accident and Indem. Co.*, 620 F.2d 588, 588 (6th Cir. 1980). In order to determine whether the evidence of other acts is admissible, the court must perform a three-part test: (1) whether there is sufficient evidence that the other acts occurred; (2) whether the evidence is probative of a material issue other than character; and (3) using the Rule 403 balancing test, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the party against whom the evidence is offered. *Sherman*, 47 F.App'x at 723 (citing *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)).

The evidence of Plaintiff's prior convictions is not admissible under Rule 404(b). To their response, Defendants attach proof Plaintiff's prior convictions, but not proof of his institutional misconducts. (Def. Ex. A.) From this proof, there is sufficient evidence that Plaintiff's prior convictions occurred. At this point, there is no evidence that Plaintiff's institutional misconducts occurred. With regard to Plaintiff's prior convictions, Defendants cannot satisfy the second prong of the three part test under Rule 404(b). Although Defendants do not seek to admit the evidence under Rule 404(b), Defendants justify the admissibility of the evidence under the other rules because "the convictions are probative of Plaintiff's character for truthfulness." (Def. Br. at 3.) Defendants'

stated purpose for admitting the evidence, to test Plaintiff's character for truthfulness, is most clearly not "probative of a material issue other than character." In addition, Plaintiff's convictions are for homicide, possession of a firearm by a felon, and possession of controlled substances. (Def. Ex. A.) Deceit, falsehood, fraud and the like were not an element or an issue in any of Plaintiff's convictions.

**B. Fed. R. Evid. 608**

Rule 608 of the Federal Rules of Evidence concerns evidence of specific instances of a witness' past conduct, other than convictions of crimes covered by Rule 609. *See Abel*, 469 U.S. at 55. Evidence of Plaintiff's prior convictions would not be admissible under Rule 608(b). Evidence of his institutional misconducts, however, might be admissible under the rule.[1] Under Rule 608(b), a witness' propensity for truthfulness may be attacked on cross examination through inquiries regarding specific instances of conduct relevant to such propensity. *See United States v. Holden*, 557 F.3d 698, 703 (6th Cir. 2009). Defendants, however, could not offer extrinsic evidence of Plaintiff's misconduct under the rule. *Abel*, 469 U.S. at 55. Before allowing such inquiries, the court must consider the balancing test under Rule 403. *Gale v. City of Techumseh*, 156 F.App'x 801, 808 (6th Cir. 2005). The Sixth Circuit Court of Appeals has held that a commission of a violent act has no bearing on an individual's character for truthfulness. *See United States v. Thomas*, 105 F.App'x 773, 785 (6th Cir. 2004) (upholding the district court's decision that prevented, under Rule 608(b), the defendant from cross examining a witness about the witness' participation in a shoot-out

---

[1]Defendants have not described Plaintiff's institutional misconducts. In a footnote, Plaintiff describes two institutional misconducts issued since 2006, when he claims to have converted to Buddhism. (Pl. Br. at 2 n. 1.) Plaintiff claims in April 2007 and August 2007 he received misconducts for fighting with another inmate.

4

with the police). *Accord United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) ("Murder generally is not a crime of dishonesty, and nothing about the Evans murder suggested that it would in any way reflect on Hamilton's truthfulness."); *United States v. Perkins*, 187 F.3d 639, 1999 WL 506980, at * 5 (6th Cir. June 7, 1999) (unpublished table opinion) (per curiam) ("Armed robbery does not involve fraud, deceit, or the telling of a falsehood. Defense counsel offers no case in which a violent crime was allowed into evidence to prove untruthfulness.").

Based on the information presented in the motion and response, Defendants would not be allowed to ask Plaintiff, on cross examination, about his two misconducts in 2007. In their response, Defendants do not attempt to justify such inquiries as permissible, although they do note that instances of past conduct may be inquired of during cross examination of a witness. (Def. Br. at 2-3.) From the information presented to the court, the two 2007 misconducts involve fighting and would not be relevant to Plaintiff's propensity for truthfulness.

### C. Fed. R. Evid. 609

Rule 609 of the Federal Rules of Evidence authorizes impeachment of a witness, other than the accused, by evidence of the conviction of a crime. Evidence of Plaintiff's prior convictions might be admissible under Rule 609. Evidence of Plaintiff's institutional misconducts would not be admissible under this rule. *See Essick v. Debruyn*, No. 3:94-cv-804, 1995 WL 729313, at * 2 (N.D. Ind. Nov. 22, 1995) (holding evidence of misconducts that occurred in prison do not constitute a conviction because there was no finding of guilt beyond a reasonable doubt and therefore are not admissible under Rule 609) (citing *United States v. Werbrouch*, 589 F.2d 273, 277 (7th Cir. 1978)). Under subsection (a)(1) of the rule, evidence that the witness has been convicted of a crime shall be admitted, subject to the balancing test located in Rule 403, if the crime was punishable by death or

5

imprisonment for more than one year. Fed. R. Evid. 609(a)(1). Subsection (a)(2) of the rule is not applicable as none of Plaintiff's prior convictions were for crimes of dishonesty or false statement.

Evidence of Plaintiff's prior convictions is admissible under Fed. R. Evid. 609(a)(1). Plaintiff's convictions were all felonies. (Def. Ex. A.) It is the fact of the convictions, not the element of honesty, that triggers the admissibility of the evidence under Rule 609(a)(1). Should Plaintiff opt to take the stand, his credibility will be at issue. The fact of his prior convictions has bearing on Plaintiff's credibility. The court is mindful of the potential for the evidence to unfairly prejudice the fact finder against Plaintiff. That potential danger does not substantially outweigh the probative value of the evidence. The fact finder will know that Plaintiff has been convicted of a crime simply by his status as a prisoner. This knowledge minimizes any potential prejudice that might arise from evidence of Plaintiff's other convictions. At the same time, the crimes for which Plaintiff has been convicted do not involve an element of untruthfulness or dishonesty. In order to minimize the potential prejudice and to prevent Defendants from distracting the fact finder from Plaintiff's cause of action, Defendants are limited to eliciting the charge, the date, and the disposition. *See Foster v. McFaul*, 1:04-cv-1032, 2009 WL 185941, at * 2 (N.D. Ohio Jan. 23, 2009).

Consistent with the above, Plaintiff's motion in limine (Dkt. No. 59) is **GRANTED IN PART and DENIED IN PART. IT IS SO ORDERED.**

Date: June 3, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge